772 So.2d 582 (2000)
DEPENDABLE COMPONENT SUPPLY, INC., Appellant,
v.
PACE ELECTRONICS INC., Appellee.
No. 4D00-2561.
District Court of Appeal of Florida, Fourth District.
November 29, 2000.
*583 Stephen L. Zimmerman of Zimmerman, Zimmerman & Miceli, P.A., Pompano Beach, for appellant.
Caroline Montanus Landt and Kevin W. Shaughnessy, Orlando, and William D. Ricker, Jr., Fort Lauderdale, of Ackerman, Senterfitt & Eidson, P.A., for appellee.
FARMER, J.
As long as there are merchant buyers and sellers of goods, there will be forms with self-serving boilerplate. And as long as the transactions proceed without incidentwhich may be after a long while and many salestheir forms will pass like ships on a foggy sea. But when at last one of their transactions sinks, each retreats to the shelter of its favorable terms to claim victory. Faced with such varying language in seller's and buyer's forms in this ill-fated sale, the trial judge found exclusive venue in Orange County. We reverse.
Buyer and seller already had numerous sales between them, each ignoring the other's contrary version, when the subject sale occurred in November 1999. Buyer's purchase order form stated as always that:
"All goods are subject to our inspection and approval and can be canceled or returned at any time. If shipment will be delayed for any reason, advise us immediately, stating all the necessary facts. To avoid errors, note specifications carefully and if unable to complete orders as written, notify us promptly." [e.s.]
Seller's invoice had a full page of additional terms as always on the reverse side, one stating that:
"Both parties agree that any and all proceedings relating to the sale of the products to Buyer or these Terms and Conditions ... shall be brought in the state courts of general jurisdiction in Orange County in the State of Florida, which ... shall have exclusive jurisdiction for such purpose, and Buyer hereby irrevocably consents to such jurisdiction...." [e.s.]
Upon receipt of buyer's purchase order, seller shipped the goods by carrier and sent its invoice containing the above additional terms. Buyer remitted payment in full promptly upon receipt of this invoice.
After later inspection of the goods, however, buyer this time rejected them as nonconforming and unacceptable and sued to recover the price and other damages. The action was filed in Broward County, where buyer had always maintained its business and where it had always received goods from the seller. In seller's answer to the lawsuit, it included a defense that venue in Broward was improper, and joined a counterclaim for the price on a subsequent sale (as to which buyer says it has refused payment for the same reasons). Seller also filed two affidavits by its corporate officers to the effect that buyer and seller had numerous previous transactions and that buyer had always acquiesced in its form invoices without objection.
At a hearing without any additional evidence, the trial judge concluded that seller's form invoice materially varied buyer's form purchase order but that buyer had failed to object to it. The failure to object to its seller's invoice, said the trial judge, meant that the provision had become part of the contract of sale between the parties. Seller's venue provision was thus enforceable. He transferred the action to Orange County. Buyer now appeals, armed with its form which says nothing about venue in Orange County. Judging by the thrust and parry with which the parties engage their respective forms, Orange County might as well be on the Davy Jones' Locker side of the International Date Line, instead of just up the road a bit from this district.
*584 Nevertheless the law's the law, as they say, and so we turn to the UCC to see who wins this initial skirmish. Section 672.207(1) provides that:
"A definite and seasonable ... written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms."
Seller's invoice plainly operates as an acceptance. Although it does recite that it is conditional on buyer's assent to its additional terms, seller did not await buyer's assent to the additional terms before tendering performance. In short seller had already shipped the goods when it sent the invoice. In fact both sides performed their contract of sale without awaiting any other manifestation of assent by the opposing party to the forms each used.
The issue then revolves around the effect of the terms on the reverse side of the invoice. Section 672.207(2) seems to supply an answer, saying:
"The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless: (a) The offer expressly limits acceptance to the terms of the offer; (b) They materially alter it; or (c) Notification of objection to them has already been given or is given within a reasonable time after notice of them is received."
Here, each form conditioned its position on the other party's assent to its printed terms, a condition to which neither party seems to have manifested assentcertainly not in writing. Buyer's purchase order stated its terms, and seller's additionally stated terms materially varied the purchase order's terms. An exclusive venue provision outside one's home area seems both material, as well as a variance, especially where, as here, the provision would send buyer up to seller's court in a suit to recover the price already paid for nonconforming goods.[1]
The only thing the written forms agree upon is the nature and amount of goods sold, the price and terms of delivery. Section 672.207(3) holds:
"Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of this code."
In other words, we enforce the terms that are not in conflict if we can meaningfully do so. See Eastern Cement v. Halliburton Co., 600 So.2d 469 (Fla. 4th DCA 1992) (conflicting terms on opposing forms cancel each other and contract proceeds under nonconflicting terms). Again, the only thing they do not conflict on is the goods, price and delivery. That should suffice with many contracts for the sale of goods, and it is good enough here.
The trial court's decision comes down to its legal conclusion (which we review de novo) that buyer's failure to object to this same venue provision in prior sales transactions operates as an implied acquiescence of it for this one. We might be inclined to agree if only the first transaction had involved buyer's purchase order form, with all later sales proceeding only on seller's invoices. Here, however, buyer used the same purchase order for every one of the "numerous" succeeding sales transactions, thereby evincing each time a renewed unwillingness to become bound in the current sale by any previous unilateral *585 writings routinely sent by the seller with its shipment of goods. As long as buyer insisted on using the same purchase order without a venue provision (thus proposing to rely on any venue fixed by statute), seller's conflicting designation of its home turf can only be legally understood as a material variance in every transaction.
REVERSED.
POLEN, J., concurs.
HAZOURI, J., concurs in result only.
NOTES
[1] This of course contrasts with a suit by seller against buyer for payment of the price, in which the customary venue principle is that our buyer must pay seller where he finds him, or face suit on seller's playground.